**ROUTH CRABTREE OLSEN, P.S.**
Edward T. Weber, Esq., SBN #194963
Jonathan J. Damen, Esq., SBN #251869
505 N. Tustin Ave, Suite 243
Santa Ana, California 92705
Telephone 714-277-4937
Facsimile (714) 277-4899
Email jdamen@rcolegal.com

RCO No.: 7662.31091
Attorneys for movant, Bank of America, N.A, its assignees and/or successors in interest

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>James Newman Barbee<br><br><br>Debtor. | **Bk. No. 09-12910-AJ**<br>**R.S. No.:** JJD-253<br>Judge Alan Jaroslovsky<br>**Chapter 7**<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>Preliminary Hearing:<br>Date: November 12, 2009<br>Time: 9:00 a.m.<br>Place: U.S. Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404 |

**I.    Introduction**

COMES NOW, Bank of America, N.A, its successors in interest, agents, assigns and/or assignors ("Movant") and moves this court for an order under § 362(d)(1) and/or § 362(d)(2)

---
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and/or statutory remedies incident to its security interests held in real property commonly described as **44549 BENALD STREET, LANCASTER, CA 93535** ("Property") and legally described as set forth in the Deed of Trust attached as an Exhibit to the Declaration filed concurrently herewith. Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact the Debtor via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(a) be waived to avoid further deterioration of Movant's secured position.

## II.     Parties in Interest

On or about December 8, 2004, JAMES N BARBEE executed a note in the original principal amount of $204,000.00. The indebtedness under the Note is secured by a first Deed of Trust recorded against the Property ("Deed" hereinafter).

James Newman Barbee ("Debtor" herein) filed for protection under Chapter 7 of Title 11 of the United States Code on September 8, 2009.

Jeffry G. Locke is the duly appointed Chapter 7 Trustee in the case. To the extent that relief sought herein is granted, Jeffry G. Locke should be bound by any such judgment.

## III.     Default and Estimate of Obligation

Debtor is in default pursuant to the terms of the note for failure to make the required payments. Payments are credited as last received to first due. As of the date of this motion, the subject loan is in default and is due for the following payments:

| 8 Regular Payments from March 1, 2009 to October 1, 2009 @ $1,234.99 each | $9,879.92 |

MOTION FOR RELIEF FROM AUTOMATIC STAY

2

Case: 09-12910    Doc# 12    Filed: 10/28/09    Entered: 10/28/09 12:22:58    Page 2 of 5

The approximate total amount owed on the loan at this time is:

| | |
|---|---|
| Principal Balance | $204,000.00 |
| Accrued Interest | $6,606.54 |
| Current bankruptcy fees and costs | $700.00 |
| Accrued late charges | $137.07 |
| Escrow Shortage | $368.36 |
| NSF Fee | $25.00 |
| Property Inspection Fee | $40.00 |
| Approximate Total Due | **$211,876.97** |

These figures are an estimate only and are subject to change as additional fees are incurred and payments are made or become due, including but not limited to the attorney fees and costs incurred as a result of the filing of this motion. Please contact Movant's counsel directly for a reinstatement quote.

### IV. Authority

Under 11 U.S.C. §362(d)(1), on request of a party of interest, the Court shall terminate, annul, modify or condition the stay for "cause". Adequate protection is lacking in cases where there is an insufficient equity cushion in the subject property. In re Mellor, 734 F.2d 1936, 1401 (9th Cir. 1984) An equity cushion is the amount of value in property that exceeds the amount owed on the property such that a secured creditor will not be subject to a loss in the event of a decrease in value while the property is encumbered by the automatic stay. Id. At 1400 n.2. In the case at bar, considering the value of the Property, Movant's total lien, and the likely costs of liquidation, there is an insufficient equity cushion and thus Movant lacks adequate protection.

MOTION FOR RELIEF FROM AUTOMATIC STAY

3

Additionally, "cause" to terminate the automatic stay exists in Debtor's continued failure to make payments towards the obligation. In this case, Debtor has failed to make the required payments as due under the terms of the note and thus there is "cause" to lift the stay.

Furthermore, under 11 U.S.C. § 362 (d)(2), a Court shall terminate, annul, modify or condition the stay if the debtor has no equity in the property and the property is not necessary for an effective reorganization. Here, as shown below, the value of the encumbrances, including all liens and costs of liquidation exceed the value of the property such that there is no equity available for the estate. Because the Debtor has chosen to liquidate under Chapter 7 of the Bankruptcy Code, the granting of an Order for Relief from Stay will not adversely affect the prospects of reorganization.

Value (as shown on Debtor's Schedules A and D): $140,000.00

Less:

| Movant's Deed of Trust (1st) | **$211,876.97** |
| Bank of America (Second Lien Holder) (as shown on Debtor's Schedule D) | $41,216.00 |
| TOTAL EQUITY | -$113,092.97 |

WHEREFORE, Movant prays that this Court issue an Order granting the following:

1. Terminating or modifying the stay, as to the Debtor and Debtor's bankruptcy estate, allowing Movant (and any successors or assigns) to immediately proceed with and complete any and all contractual and statutory remedies incident to the security interests held in the Property.

2. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued pursuant to 11 U.S.C. § 361, including a requirement that Debtor reinstate all past arrearages and immediately commence

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

4

regular monthly payments.

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

4. That the ten (10) day stay under Bankruptcy Rule 4001(a)(3) be waived.

5. For reasonable attorneys' fees and cost.

6. For such other relief as the Court deems proper.

Date: October 26, 2009

Respectfully submitted,
**ROUTH CRABTREE OLSEN, P.S.**

By: /s/ Jonathan J Damen
JONATHAN J DAMEN, ESQ.
Attorneys for Movant
RCO No.: 7662.31091